IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROLAND CARLY SAINTLOT,
    Plaintiff,

vs.                                                        Case No.: 3:18cv441/MCR/EMT

OFFICER WHITEHEAD, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roland Carly Saintlot, an inmate of the Florida Department of Corrections ("FDOC"), is proceeding pro se and in forma pauperis in this civil rights action. Presently before the court is Plaintiff's "Declaration for Entry of Default" (ECF No. 32), which the court construes as a motion for entry of default and default judgment.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Upon consideration of Plaintiff's motion for default, the undersigned concludes that it should be denied.

I.      BACKGROUND

Plaintiff's Third Amended Complaint asserts Eighth Amendment claims against Defendants based upon an alleged use of excessive force on November 10, 2016 (*see* ECF No. 19 at 9–11, 14).[1] Plaintiff seeks declaratory relief and compensatory and punitive damages (*id.* at 12, 14–15).

All Defendants were served with process on September 28, 2018 (*see* ECF Nos. 22, 23, 24, 25), and were required to file a response to the Third Amended Complaint within sixty (60) days (*see* ECF No. 20). Counsel appeared for Defendants on October 30, 2018 (ECF No. 26). Defendants requested an extension of time to file an answer (ECF No. 28). The court granted Defendants' request and set a deadline of December 14, 2018 (ECF No. 30).

Plaintiff filed the instant motion for default on December 19, 2018, pursuant to the "mailbox rule" (*see* ECF No. 32 at 2). Defendants filed their Answer on December 21, 2018 (ECF No. 31).

II. DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk of the district court to enter a "default" when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Case No.: 3:18cv441/MCR/EMT

shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Additionally, Rule 55 provides that if the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation," the clerk of court, on the plaintiff's request, with an affidavit showing the amount due, must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, such as the instant case, the plaintiff must apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for "good cause" shown. "'Good cause' is a mutable standard, varying from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard is a "liberal one." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (citing Compania, 88 F.3d at 951). The Eleventh Circuit has identified a number of factors relevant to the good cause analysis:

> [W]e evaluate various factors that may be applicable in a given case. *See id.* For example, courts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense. *Id.* Depending on the circumstances, courts have also considered factors such as "whether the public interest was

implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (citation omitted). On the other hand, where a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist. *Id.* at 951–52.

Perez, 774 F.3d at 1337 n.7 (citing Compania, *supra*).

Here, the undersigned concludes that granting Plaintiff's motion for default would be futile because, applying the "good cause" standard, there would be good cause to set it aside. Although Defendants did not file their Answer by the extended deadline, they acted relatively promptly to correct the default by filing the Answer within seven days. Further, Defendants have asserted several potentially meritorious affirmative defenses, for example, failure to exhaust administrative remedies, qualified immunity, and Eleventh Amendment immunity (*see* ECF No. 31). And there would be no discernible prejudice to Plaintiff if the court entered, and then set aside, a default. *See* Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."). Because granting Plaintiff's request for default would be futile, the court should deny it.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Plaintiff's "Declaration for Entry of Default" (ECF No. 32), construed as a motion for entry of default and default judgment, be **DENIED**.

2.	That this case be remanded to the undersigned for further proceedings on Plaintiff's claims.

At Pensacola, Florida this 3rd day of January 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**