# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**ROLAND CARLY SAINTLOT**
**DOC# Y45056,**

    Plaintiff,

vs.                               Case No. 3:18-cv-441-MCR-EMT

**WHITEHEAD, ET AL.,**

    Defendants.
_____/

## DEFENDANTS' MOTION TO FILE EXHIBITS UNDER SEAL

    **Samuel Ericacherson**, **Christopher Whitehead**, **Lee Peacock III**, and **Jonathan Johnson** ("Defendants"), hereby files their Motion to File Exhibit Under Seal and requests that this Court allow them to file, under Seal, the "Hand-held Video" as an Exhibit to be considered by this Court in deciding Defendants' Motion for Summary Judgment, and states:

## STATEMENT OF FACTS

1.     Roland Saintlot ("Plaintiff"), is a prisoner in the custody of the Florida Department of Corrections ("FDOC"). Plaintiff's allegations are based on an incident that occurred on November 10, 2016. *See* (Doc. 19).[1]

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

1

2. Defendants have filed a Motion for Summary Judgment and intend to include the mentioned video footage as an exhibit to the Motion.

3. Defendants request that this Court allow them to file, under seal, the video footage relevant to the facts of this case. This request is made to preserve the FDOC's safety and security interests in not allowing the general public to have knowledge of the layout of the inside of its prisons.

## **MEMORANDUM OF LAW**

Defendants believe that the documents should be filed under Seal in order to preserve FDOC's safety and security interests in not allowing the general public to have knowledge of the layout of the inside of its prisons. Documents related to pre-trial motions may be filed under seal upon a showing of good cause. *See Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1246-47 (11th Cir. 2007). *See also In re Estate of Martin Luther King, Jr., Inc v. CBS, Inc.*, 184 F. 2d 1353, 1363 (N.D. Ga. 2002) (holding in party that the legal standard for sealing documents applies even absent a third party motion regarding the documents). Good cause requires balancing the right to public access against the interest in keeping the information confidential. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1309 (11th Cir. 2001). "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Id*. at 1315. In balancing the

public interest in accessing court documents against a party's interest in keeping the information confidential, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F. 3d at 1246 (internal citations omitted).

Good cause exists to file the Hand-Held Video under Seal in this case. The DVDs show the inside of a prison facility, and such information being available to the general public presents a severe safety and security risk as individuals could study the DVDs and find possible weak points in prison facilities and institutional security procedures. *See, e.g., Ponte v. Real*, 471 U.S. 491, 499 (1985); *Martinez v. Cathey*, 2006 WL 224400 (E.D. Cal. 2006). *See also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (recognizing the need for "substantial deference to the professional judgment of prison administrators"). The video footage is necessary based on the several reasons described above. *See supra*. FDOC's security and safety interests will only be maintained by sealing the video. The DVDs should be sealed for the duration of the litigation and either destroyed or returned to the

Office of the Attorney General: Corrections Litigation Bureau upon the closing of this case. In the alternative, should this Court decline to allow Defendants the ability to file the footage under Seal, Defendant requests seven (7) days from the date of such order to file the video footage with this Court.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court allow them to file, under Seal, the video footage relevant to this case.

                               Respectfully Submitted,

                               **ASHLEY MOODY**
                               **ATTORNEY GENERAL**
                               Office of the Attorney General
                               The Capitol PL-01
                               Tallahassee, Florida 32399-1050
                               Telephone: (850) 414-3300
                               Facsimile: (850) 488-4872

                               <u>/s/ Erik Kverne</u>
                               Erik Kverne
                               Assistant Attorney General
                               Florida Bar No.: 99829
                               Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing *Defendants' Motion to File Exhibits Under Seal* was e-filed electronically through CM/ECF on May 17, 2019, and furnished by U.S. Mail to: Roland Saintlot, DOC# Y45056, Santa Rosa Correctional Institution, 5850 East Milton Rd., Milton, Florida 32583-7914 on this May 17, 2019.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No.: 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion totals 170 words and that the Supporting Memoranda required by N.D. Fla. Loc. R. 7.1(E) contains 477 words, totaling 647 words and not exceeding 8,000 total words as required by N.D. Fla. Loc. R. 7.1(F).

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com