IN THE STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROLAND CARLY SAINTLOT,
DOC # Y45056,
                    Plaintiff,

V.                                      Case No.: 3:18-CV-441-TKW/MJF

WHITEHEAD, et al.,
                    Defendants.

## RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW, the Plaintiff, ROLAND CARLY SAINTLOT, Pro Se, in Proper Person, and hereby files this response to Defendant's Motion for Summary Judgement with this Honorable Court. In Support of this response the Plaintiff States the following:

I. Plaintiff concedes that Defendant Ericalverson Should be dismissed from litigation in this case and that Plaintiff be granted leave of the Court to file a forth Amended Verified Civil Rights Complaint to which he will properly names Defendants Officer Robert Potnam, Officer Jame McClain, Officer Richard Kerns, and Officer Raymond Konzelman, which will be in addition to Defendants Christopher Whitehead, Lee Peacock; and Jonathan Johnson.

II. Plaintiff is entitled to Compensatory, Punitive and nominal and/or Presumed damages.

# PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

On March 15th, 2018 Plaintiff filed his intial Complaint with this Honorable Court, Plaintiff later filed an Amended Complaint, to which this Honorable Court Conducted a review of, and required that Plaintiff file a Second Amended Complaint. The Second Amended Complaint was filed on June 17th, 2018. On September 3rd, 2018 Plaintiff filed a Third Amended Complaint and this Court had it Served, and Defendants filed an answer.

Based on the filing of Defendant's Answer, the Court issued a Scheduling Order, and after the Close of Discovery, on the date that Defendant's Motion For Summary Judgement was due, Defendants filed a Motion For Extention of time, Which the Court Granted. ON May 17th, 2019 Defendants filed a Motion For Summary Judgment, Which the Plaintiff responds hereto

# STATEMENT OF MATERIAL FACTS

Roland Carly Saintlot ("Plaintiff"), is proceding Pro Se and is a Prisoner in the Custody of the Florida Department of Corrections ("FDOC") Currently housed at Suwanne Correctional Institution. Plaintiff's allegations are based on an excessive Use of force Conducted on the Plaintiff on November 10, 2016.

On November 10th, 2016, Plaintiff was housed in Cell Q2116s at Santa Rosa Corrections Institution, Annex. At approximately 10:00am – 11:08am, Or Within that time frame or thereabout, Plaintiff had a Verbal dispute With Officer Christopher Whitehead and Robert Putnam, And when the Verbal argument was over these two Officers walked away from in front of Plaintiff's Cell. (See Camera)

Approximately 3 or 4 hour later, After having had this Verbal dispute with Officers Whitehead and Putnam, Officer Whitehead, Officer Putnam, Officers McClain, Officer Kerns, Sergeant Johnson, Officer Peacock and Officer Konzelman arrived at Plaintiffs' Cell Front. Officer White

head was holding a Concave Plexiglass Sheild and Once the cell door was opened, these prison officials stormed the cell in the order Started above. See (Report of Force Used Written by Officer Whitehead, Page) and the Fixed Wing Camera)

These Officials disguised their illegal actions by claiming Plaintiff faked an unresponsive and then jumped up at the last Second to attempt to Stand up and Strike Said officials.

Upon entering Plaintiff's cell the "7 officials" proceeded to Physically assault and batter the Plaintiff as a group. The Plaintiff was hit so many times from So many different directions the Plaintiff could not account for who laid what Punchs and/or Kicks.

It is undisputed that these "7 officials" entered the Plaintiff's cell. Once in the Cell, and While yelling "Inmate, Stop resisting", these officials proceeded to Punch and Kick the Plaintiff in the upper torso, head, and Face numerous time for approximately 2 to 3 minutes non-Stop. The Plaintiff did not disobey, nor refuse to follow, any law orders or Command issued by any of these officials. The Defendants were only yelling, "Inmate, Stop resisting" for the sole purpose of Masking the fact that they relentlessly Physically assaulted and battered the Plaintiff While he was Curled up in a ball in an effort to minimize the Physical Injuries Sustained. After being Physically assaulted and battered by these 8fficals and escorted to the Q Dormitory Medical triage room to receive his Post Use of force Physical examination, the Plaintiff informed the Lieutenant or Captain that was Present of the excessive Use of force, and reported this as Staff abuse. In addition, the nurse Conducting the examination did not report the true Seriousness of Plaintiff's Injuries, Which Can be seen by a review of the Fixed Wing Cameras and the handheld Use of force Video footage.

Prison official's adverse action were directly related to Plaintiff's protected Conduct.

## PLAINTIFF'S STATEMENT OF DISPUTED FACTUAL ISSUES

Defendants have moved for Summary Judgment on the Plaintiff's Claim(s) Concerning the Use of force. Pursuant to Local Rule of this Court, The Plaintiff Submits the following list of Genuine issues of material fact that require the denial of Defendant's Motion for Summary Judgment.

1. Whether the Plaintiff had a Verbal alteration with Defendant's WhiteHead and Putnam "3 to 4 hours" prior to the incident, which was the Proximate Cause leading up to it, or that Plaintiff allegedly faked being unresponsive which was the Proximate Cause of the incident herein being disputed.

2. Whether the Plaintiff offered any resistance or disobedience to Defendants WhiteHead and Putnam 3 to 4 hours Prior to the incident, which was the Proximate cause leading up to it.

3. Whether the Plaintiff allegedly faked being Unresponsive.

4. Whether the Plaintiff allegedly or Offered any resistance or disobedience to Defendants Whitehead, Putnam, McClain, Kerns, Johnson, Peacock, And Konzelman before they opened his cell Door

5. Whether the Plaintiff offered any resistance or disobedience to Defendants When they entered his Cell.

6. Whether the force Utilized by the Defendants against the

(Pg 4 of 12)

Plaintiff was applied in good-faith effort to Maintain or restore discipline or maliciously and sadistically to cause harm.

7. Whether the Plaintiff's injuries resulted from his own acts of resistance to the Defendants or from their purposeful use of unnecessary and excessive force.

## MEMORANDUM OF LAW

Summary Judgment is to be granted only if the record before the Court show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Civ. P. Rule 56 (C). A "material" fact is one that "might affect the outcome of the Suit under the governing law." Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)

The declarations of the Plaintiff and Defendants are squarely Contradictory as to the set of Circumstances leading up to the incident, what force was used, when it was used, and why it was used. The allegations in the Plaintiff's Complaint portray a completely unprovoked and needless use of force against an inmate who was locked in his cell in an Mental Health inpatient Crisis/Tentative Stabilization and Care Unit whose behavior was in Compliance with the Rules of the Department of Corrections. The Defendants, by Contrast, claim that the Plaintiff faked being unresponsive and that after Several verbal attempts were made to gain a responce, to no avail, they used only necessary force to Control a Prisoner who resisted them violently after Plaintiffs Cell was breached. There is clearly a genuine issue of fact

The factual dispute is also material. Under the governing
(Pg 5 of 12)

laws, Whether the Use of force by prison officials Violates The Eighth Amendment depends on Whether it was "applied in a good faith effort to maintain or restore discipline or Maliciously and Sadistically to Cause harm". Hudson V. McMillian, 503 U.S. 1, 5-6, 112 S. Ct. 995 (1992); Whitley V. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078 (1986). The fact that force was used when unprovoked and unnecessary, Or in a manner excessive to any need, Is in itself evidence that the Defendants were acting "maliciously and sadistically to Cause harm". See Miller V. Leathers, 913 F.2d 1085, 1088 (4th Cir. 1990); Oliver V. Collins, 914 F.2d 56, 59 (5th Cir 1990); Orum V. Maloney, 360 F. Supp. 2d 146, 153-54 (O. Mass. 2005). A Reasonable Jury Could Find For the Plaintiff based on the fact in the Plaintiff's Complaint and declaration, and Summary Judgment Must therefore be denied. See Anderson V. Liberty Lobby, Inc., Supra

I. Plaintiff Conceds that Defendant Samuel Ericacherson Should be dismissed from litigation in this Case. The Reason Why the Defendant Samuel Ericacherson was in this Suit. On March 23, 2018 Plaintiff Come from Medical to Mental Health O Dormitory While there Officer Peacock the Defendant's and Officer Samuel Ericacherson at different time told the Plaintiff you remember what happen to you the last time you was Here and your teeth So behave, That Defendant Ericacherson was place on the Plaintiff Suit. And that Plaintiff be granted Leave of the Court to file a forth Amended Verified Civil Right Complaint to Which he will properly name Defendants Officer Putnam, McClain, Kems, and Konzelman, Which will be in Addition to Defendants Christopher Whitehead, Lee Peacock, and Jonathan Johnson

II Plaintiff is entitled to Compensatory, Punitive and nominal and/or Presumed

Defendants Claim that the Plaintiff Fail to State

(Pg 6 of 12)

a Claim which would entitle him to any damages due to the fact that he fails to State a Physical injury which is greater than de minimus and that Plaintiff's request for damages from the defendants Must be dismissed pursuant to 42 U.S.C. §1997e(e), which States:

"No Federal Civil action may be brought by a Prisoner Confined in a jail, Prison, or other Correctional Facility, for Mental or emotional injury suffered while in Custody without a prior Showing of Physical injury".

Defendants go on to assert that the Eleventh Circuit is in accord that, Under 42 U.S.C §1997e(e), Compensatory and punitive damages are unavailable absent Physical injury and Cite the Case of — Al-Amin V. Smith, 637. F.3d 1192-(11ᵗʰ Cir. 2011) (holding that "the overall tenor of Harris and it's Progeny, when taken together, Un mistakably Supports" the conclusion that §1997e(e) applies to Constitutional Claim and precludes the recovery of Compensatory and Punitive damages in the absence of the requisite Physical injury); Smith V. Allen, 502 F.3d 1255, 1271 (11ᵗʰ Cir. 2007) (stating that §1997e(e) precludes and inmate's Claims for Compensatory and Punitive damages without a prior Showing of Physical injury; Slicker V. Jackson, 215 F.3d 1225, 1229 (11ᵗʰ Cir. 2000) ("Compensatory damages Under §1983 maybe awarded only based on actual injuries caused by the defendant and Cannot be presumed or based on the abstract value of the Constitutional rights that the defendant violated"). The Physical injury requirement applies to federal Claims, including Constitutional Claims. Harris V. Garner, 216 F.3d 970, 984-85 (11ᵗʰ Cir. 2000)

Well, Plaintiff has requested Compensatory, Punitive, mental, and emotional damages from the Defendants, and is entitled to Said relief based on the following facts:

1) Plaintiff has filed this federal Civil action;

2) Plaintiff is a Prisoner Confined in a Prison or other Correctional facility;

3) Plaintiff Seeks damages for Mental and emotional

injury suffered while in custody;

   4) Plaintiff has made a prior showing of Physical injury by having on record not only the Medical records for the date and time in question, but also Camera Video footage that show blood pouring out of his Mouth, and down his Chin and neck area, then dripping to the ground, which shows that Plaintiff sustained actual injury.

   Defendants then try to assert that while 42 U.S.C §1997e(e) does not define "Physical injury" the Eleventh Circuit has held that to satisfy the State/Statue, the Physical injury Must be More then minimal, but need not be Significant, and went on to cite several cases. It should be noted that although this may be the case, the meaning of Physical injury might be clarified by 28 U.S.C §242, a federal Statue that makes it a crime for someone acting under color of state law to deprive another person of federal Civil rights, and requires a showing of "bodily injury" before someone who violates the Statute. Can be sentenced to more than one years in Prison.

   Bodily injury is not defined in the statute, however, Several other federal Criminal Statutes define that term as meaning, "a cut, abrasion, bruise, burn, or disfigurement; Physical pain; illness; impairment of a function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary" See 18 U.S.C §831(f)(5), accord, 18 U.S.C §1365 (h)(4); 18 U.S.C §1515 (a)(5); 18 U.S.C §1864 (d)(2).

   The injuries sustained by the Plaintiff fall within the Perview of these definitions, as he did suffer from Cuts, abrasions or bruise, Physical Pain, or any other injury to the body, no matter how TEMPORAY it may have been. See Watkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010)(Per

(Pg 8 of 12)

Curiam) ("An inmate who is gratuitously beaten by guards does not lose his ability to Pursue and excessive force claim merely because he has the good forture to escape without Serious injury")

The injuries Sustained by the Plaintiff were and are not de Minimus. No right is anymore minimal than another, for all rights are of equal Standing. To Say that one right is more important than another right, when all are equal before the law, would open the flood-gates of those who would try to empty the Ocean of logic with a thimble in an attempt to pour it down a drain.

Defendants assert that Plaintiffs injuries are de minimus and, as such, he is not entitled to Compensatory and Punitive damages. This assertion is false. Plaintiff injuries were more than de minimus due to the fact that he did not fake being unresponsive, as claimed by the Defendants, but that these officials Purposely arrived at his cell with the intent of Caus- Malicious and Sadistic infliction of bodily harm.

It should be noted that these officials admit that all 7 of them entered the Cell, with the Plaintiff allegedly Pinned under the Plexiglass Shield, Only Officers Whitehead and Putnam Placed the Plaintiff in hand rest- raints, and Officer McClain and Sergeant Johnson placed Plaintiff in leg restraints, While Officers Kerns, Peacock, and Konzelman just stood around inside the Cell doing nothing and twittling their thumbs while the Plaintiff was allegedly resisting and didn't do anything to Stop it or help their fellow Officers, but upon walking out of the cell the Plaintiff ( who is a brown Skined African American) had red And Swollen left eye were he got poke at, and a busted and bleeding bottom lip with blood

(Pg 9 of 12)

Coming Out of his Mouth." (See handle Camera Video footage)."

"It should also be noted that none of these officials wrote his own version of the events Concerning this in-cident." One report was written, and dressed up, them Cop-ied by all the others. This is and has the earmark of a falsified report were used for all Defendants even though they're Suppose to be their Own written versions of the events that Occured.

The Defendants then try to state that Plaintiff appears to be almost entirely uninjured after the incident yet fails to state that he head I mean had blood Coming Out of his mouth and down his chin area. (see handle Camera). At the Sight of So much blood a reasonable person would know You had to have Sustained an actual injury For that to happen.

Due to the fact that the actions of the Defendants were unprovoked and Completely unnecessary this goes to Show that they acted with reckless indifference to the Plaintiff's rights and all will, Malice and a desire to injure the Plaintiff, as evidenced by his injuries. See Smith v. Wade, 461 U.S. at 46-52; Hill v. Marshall, 962 F.2d 1209, 1217 (6th Cir. 1992); Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003) ("Just as nominal damages are allowed without Proof of injury." A punitive award may stand in the absence of actual damages where there has been a Constitutional Violation"); accord, Walker v. Bain, 257 F.3d 660, 674 (6th Cir. 2001); Robinson v. Cattaraugus County, 147 F.3d 153, 161 (2nd Cir. 1998). Thus, even if the Court decides that Plaintiff is not Entitled to Compensatory Damages, he is Still entitled to punitive damages as a matter of law.

In the Case that the Court would not allow Compensat-ory damages. The Plaintiff would be entitled to presumed damages. See Memphis Community School District v. Stachura,

(Pg 10 of 12)

477 U.S. 299, 310, 316, 106 S. Ct. 2537 (1986).

And, Since Plaintiff used language requesting "further relief as the Court deems just and proper", Plaintiff is also entitled to nominal damages, which is Conceded at the bottom of the Defendants own Motion for Summary Judgment.

Having Conceded on this point alone requires that the Defendants Motion be denied in and of itself, as Plaintiff Cannot receive his nominal damages if the Motion is granted; and, if it were granted, it would Constitute a Manifest injustice.

## IN CONCLUSION

Based on the fact that there are genuine issues of material facts that need to be decided by a jury and that the injuries sustained by the Plaintiff were not deMinimus, as the actions of the Defendants Completely Unnecessary and Unprovoked; thus, entitling Plaintiff to Compensatory and/or Presumed damages, as well as punitive and nominal damages, the Defendants motion for Summary Judgment should be denied, especially when the Violation of a Constitutional right is not de Minimus.

Wherefore, for the foregoing reasons, argument, and authorities, the Plaintiff respectfully moves, Prays, and requests this Honorable Court enter an Order Denying Defendants Motion for Summary Judgment.

Respectfully Submitted,

X _Roland Carly Saintlot_ Dc# Y45056
Roland Carly Saintlot-Plaintiff, Pro Se Dc# Y45056
Suwannee Correctional Institution-Main Unit
(Pg 11 of 12)

5964 US Hwy. 90
Live Oak, FL 32060

I, Roland Carly Saintlot, hereby Certify that a true and Correct Copy of the foregoing document was furnished to the officer of the Attorney General, The Capitol PL-01, Tallahasse, FL 32399-1050; and that I personally handed this document over for mailing, via USPS, to Legal Mail Officials at Suwanne C.I-Main Unit, on this 9 day of September, 2019

## UNNOTARIZE OATH

I hereby Swear and affirm that the Statements Contained in the foregoing document are true and Correct to the best of my Knowledge, Under penalties of Perjury, Pursuant to 28 U.S.C §1746 and Fla. Stat. §92.525 on this 9 day of September, 2019

Provided to Suwannee
Correctional Institution on

SEP 0 9 2019

for mailing, by R.S

X Roland Carly Saintlot DC# Y45056
Roland Carly Saintlot DC# Y45056
Plaintiff, PRO SE
Suwanne Correctional Institution-Main Unit
5964 US Hwy. 90
Live Oak, FL 32060

(Pg 12 of 12)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ROLAND CARLY SAINTLOT,
        Plaintiff,

                                Case.: 3:18-CV-441-TKW/MJF

V.


OFFICER WHITEHEAD, et. al.,
        Defendants.


## SWORN AFFIDAVIT OF ROLAND CARLY SAINTLOT

Roland Carly Saintlot having been duly sworn, deposes and states:

1. I am over eighteen years of age and have personal knowledge of the matters set forth herein.

2. On November 10th, 2016, Plaintiff was housed in cell Q21163 at Santa Rosa Correctional Institution, Annex. At approximately 10:00am or 11:00am, or within that time frame or thereabout, Plaintiff have a verbal dispute with Officer Christopher Whitehead and Robert Putnam, and when the verbal arguement was over these two Officer walked away from in front of Plaint. iff's cell, See (Fixed Wing Camera)

3. Approximately 2:08pm 3 or 4 hour later, after having had this verbal dispute with Officers Whitehead and Putnam, Officer White head, Officer Putnam, Officers McClain, Officer Kerns, Sergeant Johnson, Officer Peacock, and Officer Konzelman arrieved at Plaintiff's cell front. Officer Whitehead was holding a concave

(Page 1 of 4)

Plexiglass Sheild and once the cell door was opened, these Prison Officials Stormed the cell in the order stated above. See (Report of force Use written by Officer Whitehead and Fixed Wing Camera)

4. When these Sergeants and Officers entered my cell unlawfully, they all commenced to Physically beating me by Punching me with their fists and kicked me in the head, face, and upper torso repeatedly for at least 2 to 3 minutes non-Stop while yelling out for me to Stop resisting them. At no time did I resist them or try to fight them, All I did was ball up while they beat me, to try to Protect Myself the best I could. All the Defendants Officers Christopher Whitehead, Officer Robert Putnam, Officer James McClain, Officer Richard Kerns, Officer Johnathan Johnson, Lee Peacock, Officer Raymond Konzelman, Were telling me to Stop resisting them for the Sole purpose of unlawfully beating me.

5. Due to this beating, I suffered Physical injury by having on record not only the Medical record for the date and time in question, but also Camera video footage handle will Show blood Pouring out of My mouth, and down My Chin and neck ares eyes, Swoll, then dripping to the ground which Show that I Sustained an actual injury view (handle Camera)

6. After the beating Stopped, I reported the Staff abuse to the Lieutenant and Lieutenant reported to the hand held Camera

7. It should be noted the fixed Wing Cameras will Show this Staged false Cell extraction were I was never given the opportunity to Submit to hand restraints No-body Knock on My door No Nurse No Body.

(page 2 of 4)

8. It Should also be noted that the handheld Camera and fixed Wing Cameras will Show Some of my Physical injuries from this beating.

9. I exhausted all of my administrative remedies by filing grievances

## FURTHER AFFIANT SAYETH NAUGHT

Respectfully Submitted,

X *Roland Sanllot* DC# Y45056

Roland Ssintlot DC# Y45056
Plaintiff, PRO SE
Suwanne Correctional Institution Main Unit
5964 US Hwy. 90
Live Oak, FL 32060

## CERTIFICATE OF MAILING AND SERVICE

I, Roland Ssintlot Cirly, hereby Certify that a true and Correct Copy of the foregoing document was furnished to Office of the Attorney General, The Capitol PL-01, Tallahassee, FL 32399-1050; and that I personally handed this Document over for Mailing, Via USPS, to Legal Mail Officials a Suwanne C.I Main Unit, on This 9/6/19 day of September, 2019

Provided to Suwannee
Correctional Institution on

SEP 09 2019

for mailing, by *R.S*

## UNNOTARIZED OATH

I hereby Swear and Affirm that the Statement Contained in the foregoing document are true and Correct to the best of my Knowledge, Under Penalties of perjury, Pursuant to 28 U.S.C §1746 and Fla. Stat § 92.525 on This 9 day of September, 2019

(Page 3 of 4)

X Roland Carly Saintlot DC#Y45056
Roland Carly Saintlot DC#Y45056
Plaintiff, PRO SE
Suwanne Correctional Institution-Main Unit
5964 US Hwy. 90
Live Oak, FL 32060

(Page 4 of 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROLAND CARLY SAINTLOT,
    Plaintiff,

V.                Case NO: 3:18-CV-441/TKW/MJF

OFFICER WHITEHEAD, et.al.,
    Defendants.

## DECLARATION OF ROLAND CARLY SAINTLOT

Roland Carly Saintlot hereby declares: Pursuant to 28 U.S.C. § 1746,

1. I have been incarcerated at Florida Department of Corrections ("FDOC") Since 11/03/2010. On November 10, 2016, While housed in Q dormitory, Which is an inpatient mental health unit at Santa Rosa Correctional Institution Annex at Approximately 10:00 to 11:00am, Officer Whitehead, Officer Robert Putnam had a dispute, arguement With the Plaintiff Mr. Saintlot. After the Dispute, arguement was over Officer Whitehead, Officer Robert Putnam left the Plaintiff Mr. Saintlot Cell Q-Wing 2 Cell 2116 (Please See Fixed Wing Camera)

2. 3 to 4 hour later Officer Whitehead, Officer Robert Putnam Came back "at No time did any officer did they round. 2:08pm Defendant(s) Sgt. Johnson, Officer Peacock, And Came at long Was Officer McClain, Officer Kerns, Officer Konzelman. Staged a false use of force to Cell extract The Plaintiff Mr. Saintlot out of Cell #2116 on Wing 2. Said officials who got the Same Report lied about Plaintiff

( Pg 1 of 4 )

being Unresponsive to get get back from early, To enter the cell for a life Safety Check. It Should be noted Plaintiff I Mr. Saintlot was at no time unresponsive to Staff But Sleeping In the Corner. At No time Did the Nurse Come knock on the door or did any Body did They Round. (Review Carmera)

3. Defendant(s) and addition officers entered Plaintiff Mr. Saintlot on a Flase life Safety Check Cell Unlawfully and Commenced to beating Me Mr. Saintlot the Plaintiff, Physically assaulting him by Punching and Kicking him in the head, face and upper torso repeatedly for approximatly 2 to 3 minutes Non-Stop While giving orders to Mr. Saintlot to Stop resisting them. It Should be noted that at "no" time Was Plaintiff Mr. Saintlot resisting any Commands of any of the defendants or the addition officers. The defendants were Saying that to make it appear Mr. Saintlot me Plaintiff Was resisting When he was not for the Sole Purpose of beating Me Mr. Saintlot the Plaintiff Un lawfully. All (I) Mr. Saintlot Plaintiff did was ball up and try to Cover himself to protect MySelf the best of his or My ability from the relentless Physical beating and assault.

4. After the beating and assault Finally Stopped, the Staff abuse and assault Was reported on the hand held Camera to and by the Lieutenant Cannon on duty. (See hand held Camera)

5. It Should also be noted hand held Cameras or Fixed Wing Camear Will Show the Physical injuries When Me Mr. Saintlot at Medical Siting down Blood Pouring Out My Mouth, Eye Shut Close and Faeres for my Life. (See hand held Camera)

(Pg 2 of 4)

6. Mr. Saintlot Me the Plaintiff tooth was chip out of his/or Mouth during this Unlawful beating and assault and Right hand was Swoll or Maybe fractured this should be document In My Mr. Saintlot/Plaintiff Medical records Cause at F.S.P Mr. Saintlot Me Plaintiff Tooth was Chip Just one and the other Tooth got Chip When the Defendants and the addition officer Did on the Flow life-Saftey Check, Unless the nurse refused or The blood was pouring So bad She Can't See it or falsified the documents of injury.

7. As a Proximate result of all of the above, Mr. Saintlot Me till this day faced a Constant and Pervasive threat of Violence, assault, and harassment.

8. As a proximate result of all of the above, Mr. Saintlot Recieved Actual Physical bodily harm.

9. As a result of the defendant's act and Omissions when are the Subject of this Suit, Mr. Saintlot Me the Plaintiff had Suffered Physical injuries, emotional Pain, Psychological injury, humiliation, embarrasment and Constant Fear

10. Samuel Ericacherson Me Mr. Saintlot the Plaintiff did not made a mistake On March 23, 2018 I Mr. Saintlot -Plaintiff Came from Medical to Mental Health Q dormitory While there officer Peacock the Defendant's Seen me and Say "Snap Chat" and Say you don't remember Me. Officer Samuel Ericacherson Seen me also Say You remember what happen to your Teeth So behave In Here or We Will do it again. That Why I Saintlot the Plaintiff Put Officer Ericacherson on this Suit
( Pg 3 of 4)

11. I am over the age of 18, But I don't know laws Just the Truth, am Competent to testify to Such Fact, and Shao Evidence Anything that proves, or help to show the truth of this Declaration Cause I'm my own Witness and declare others Plaintiff who bring law suit against these Defendant/Officer under Penalties of Perjury that I have read the Foregoing Facts and Review the <u>Fixed Wing Camera</u>, And <u>hand handle Camera</u> Personally know to me and Confirm that the fact Started herein are true and Correct. Thank you God Bless

<u>Roland Carly Sainthol</u>
[Sign name]

<u>Roland Csrly Sainthol</u>
[ Print name ]
Declarant

Executed On: <u>R.S</u>
Date

Provided to Suwannee
Correctional Institution on

SEP 0 9 2019

for mailing, by _____

( Pg 4 of 4)

SUWANNE CORRECTIONAL INSTITUTION
5964 US HWY. 90
LIVE OAK, FL 32060



SEP 13 2019

Case#: 3:18-CV-441-TKW/M

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK

111 NORTH ADAMS STREET, SUITE 322
TALLAHASSE, FLORIDA 32301-7730

Legal *
* Mail

Provided to Suwannee
Correctional Institution on
SEP 13 2019
for mailing by R.S.