IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Roland Carly Saintlot,
Doc#: Y45056,
Plaintiff,

V. -Against-

Corrections Officer White Head, et al.,
Defendants.

Case No: 3:18-cv-441-TKN/MAF
Hon. T Kent Wetherell
Mag. Judge Martin A. Fitzpatrick

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW, the Plaintiff, Roland Carly Saintlot ("Saintlot") respectfully submits this Memorandum of Law in Opposition to Defendants Motion for Summary Judgment.

## PRELIMINARY STATEMENT

1. Roland Saintlot the Plaintiff, a man with a history of mental illness was prisoner in the custody of the Florida Department of Corrections at Santa Rosa Correctional Institution Annex when he was unlawfully assaulted and beaten by Correctional Officer Christoph White Head, Officer Lee Peacock, Lieutenant (Back then was Sergeant) Jonathan Johnson, Officer Robert Putnam, Officer James McClain, Officer Richard Kerns, Officer Raymond Konzelman. When Mr. Saintlot informed the Inspector, Mai Morris, and the Warden, Mr. J Coker and the Secretary of the assault/battery and being all three failed to take remedial Measures to discipline and protect Mr. Saintlot.

- Page 1 -

FILED USDC FLND TL
JUN 29 '20 PM 2:05

Defendants have moved for Summary judgment arguing (i) Saintlot Suffered de minimis Physical injuries unactionable psychological Pain; (ii) the force used by the Defendants, if any, was reasonable and necessary; and (iii) Plaintiff is not entitled to Compensatory or punitive damages. <u>Defendants are wrong on both the law and the facts.</u>

First, the use of **Force** here was more than de minimis. Defendants Officer WhiteHead who say He Had and Holding a Concave Plexiglass Sheild and once the Cell door was opened, Defendants Officer White Head these prison officials Stormed the Cell in the order stated above (See Report of Force used written by Officer WhiteHand Page 1). Hit with the **Sheild** or Ram ▬▬ the Sheild to his Face 7 officiers, WhiteHead, Peacock, Putnam, McUlgin, Kerns, Johnson proceded to Physically assault and batter the Plaintiff as a Group. The Plaintiff was Hit So many time from So many different directions the Plaintiff Roland Carly Saintlot Octt Sworn under Oath In His Sworn Affidavit page5 Plaintiff Sworn He Could Not account for who Igid what **Punch** and/or **kicks**. The Defendant **Punched and Kicked** the Plaintiff Roland Carly Saintlot in the <u>**HeaD**</u>, <u>**Face**</u>, and <u>**Upper torso repeatedly for at least 2 to 3 minutes non Stop**</u> While Simultaneously yelling out for the Plaintiff to Stop resisting them; **all Plaintiff did was ball up While they Beat Plaintiff.** All the Defendants In this Case named were telling the Plaintiff to Stop resisting them for the Sole purpose to unlawfully beating The Plaintiff Roland Carly Saintlot. As a result of the Attack, Plaintiff Roland Carly Saintlot Suffered more than de minimis Physical and Mental Pain, Substaining not only Swelled eye, Swelled Left face, Red eye, Mouth That Shows blood pouring       - Page-2

out of his mouth, and down his chin and neck area, then dripping to the ground, which shows that Plaintiff sustained and **actual injury** Also Broke Teeth and Right hand Bone pop out, But also serious and extensive mental pain lasting to the present. The Eighth Amendment's Prohibition on the unnecessary and wanton infliction second pain encompasse both Physical and Mental Pain.

Second, the evidence demonstrates that ~~was~~ there was no need for force. Saintlot provoked no attack. **All the Plaintiff Roland Carly Saintlot Was Doing trying to protect his the best He Could From this Unlawfully Beating of the Plaintiff To A point the Defendant,** The Assistant Attorney General Fear that this **Video** or Tape will be interlock or interlace together, lock together to all the other Inmate who been brutality and Have law suit on them With the Union Time Newspapers Article and **WorK** By **Ben Conarck** About Police Brutality In Santa Rosa CI Mental Health Unit When One Defendant Lee Peacock was Involed In a brutality beat of a Inmate In the Medical Room and a Therapist Psychologist who suspect hearing a Whistle from a officer that was outside!!! When Therapist Psychologist Withess a Inmate Look to the Side of the Door black Mask Face Swollen. The Therapist Psychologist report this Police/officer Brutality to the warden, Next Day Got Fired. **She Witness the Defendant Lee Peacock In The Medical Room and Lee Peacock Was Talk To Be The Ring leader of this Brutality beating In the New paper,** And Fear to Interlock with The **Video** Tape of The Plaintiff Roland Carly **Saintlot** "Physical Injury by having on Record not only the Medical records for the date and time in question, but also (ame

Page 3

ra video footage that shows blood pouring out of his mouth, and down his chin and neck area, then dripping to the ground, which shows the Plaintiff sustained an actual injury.

Three, The Plaintiff Roland Carly Sointlot provoked no attack. He was not violent. He did refuse to follow order Cause He went Back to sleep In the corner (Sointlot Affi page 3 : 3) But when the Defendant was In the Room He was Not refuse officer the Defendant Instruction. As indicated by the Content of Officer WhiteHead and Officer Putnam was retaliation for early The Verbal Dispute About sleeping In the corner. The attack fueled by Officer WhiteHead and Officer Putman Personal feeling of hatred and disgust. The attack was malicious, Sadistic, and for the Very Purpose of Causing Sointlot Harm

Four, As you know, Corrections officials will stand shoulder-shoulder and lie to cover up each other's wrong doing. The Fact that video may show something different t is no guarantee.

Five, As you know the Defendant's, An the Attorney General Fear that the video will lick and show out there Due to the Union Time Newspaper that the Plaintiff Send to the Court with His first Sworn Affidavit, Fear an File a Motion to Have the video Be Under Seal For No Body to see It and see the Plaintiff Roland Carly Sointlot Injury In/on The Hand Held Camera so the public have access. But Claim DVD show the inside of a prison facility And Claim Some Body will study the DVD and find possible weak points in prison facilities and instituti onal a place that Is Heavy Arm weapon with numeous Officer that work In Here this facility.

Page 4

Finally, the Defendant or officials Officer Whitehead was the one wrote his own version of the events concerning this incident. It should also be noted that **none** of these officials wrote his own version of the events concerning this incident. One report was written and dressed up, then copied by all the others. This is and has the **ear-mark** of a falsifeed report and to make sure no mistakes were made in the cover up, one set of facts written in one report were used for all the Defendants even though they're suppose to be their own written versions of the events that occured.

Defendant's motion for Summary Judgment should be **denied**.

## I. STATEMENT OF FACTS and Material Facts

(A) Roland Carly Ssintlot ("Plaintiff"), is proceeding Pro Se and is a Prisoner in the custody of the Florida Department of Corrections ("FDOC") currently Housed at **Santa Rosa** Correctional Institution. Plaintiff's allegations are based on an excessive use of force conducted on the Plaintiff on November 10th, 2016.

On November 10th, 2016, Plaintiff was housed in cell Q2-1165 at Santa Rosa Correctional Institution, Annex. At approximately 10:00am or 11:00am, or within that time frame or thereabout, Plaintiff had a verbal dispute with Officers Christopher Whitehead and Robert Putnam, and when the verbal arguement was over these two officer walked away from in front of Plaintiff's cell. (AFF¶P91-1)

Approximately 3 or 4 hour later, after having had this verbal dispute about the Plaintiff sleeping in the corner with officers Whitehead and Putnam, officer Whitehead, officer Putnam, officer McClain, officer Kerns, sergeant Johnson, officer Peacock, and officer Konzelman arrived at Plaintiff's

Cell Front. Officer WhiteHead was Holding a Concave Plexiglass Sheild and once the Cell door was opened, these Prison officials Stormed the Cell in the order stated above. See (Report of Force Used written by Officer White Head, Page1). Saint Lot AFF#9 page1-line 3)

These officials disguised their illegal actions by claiming Plaintiff Roland Carly Saintlot faked an Unresponsive and then jumped up at the last second to attempt to stand up and strike said officials.

(b) Officer WhiteHead, Officer Putnam Verbal Dispute with Plaintiff Roland Carly Saintlot and All The Defendants Attack Plaintiff Roland Carly Saintlot.

Upon entering Plaintiff's Cell the 7 officials proceeded to physically assault and batter the Plaintiff as a group. The Plaintiff was **HIT** so many times from so many different directions the Plaintiff Could not account for who laid what **Punchs and /or Kicks.**

Its undisputed that these 7 officials **entered** the Plaintiff's Cell. Once in the Cell, and while yelling "Inmate, Stop resisting", these officials proceeded to **Punch and Kick** the Plaintiff in the **Upper torso, Head, and face numerous times for approximately 2 to 3 minutes non-stop** The Plaintiff did not disobey, nor refuse to follow, any lawful orders or commands issued by any of these officials. The Defendants were only yelling, "Inmate, Stop resisting" for the sole purpose of masking the fact that they relentlessly physically assaulted and battered the Plaintiff While he was **Curled up in a ball in an effort to minimize the Physical injuries sustained.**

After being physically assaulted and battered by these officials and escorted to the Q Dormitory medical triage room to receive his Post Use of Force Physical

Page 6

examination, the Plaintiff informed the Captain Cannon that was present of the excessive Use of force, and reported this as staff abuse. In addition, the Nurse Conducting the examination did not report the true seriousness of Plaintiff's injuries, which Can be seen by a review of the fixed Wing Cameras and the handheld use of force Video footage.

Prison official's adverse actions were directly related to Plaintiff's Roland Carly Saintlot Protected Conduct.

## (B) Roland Carly Saintlot's Physical and Mental Pain Resulting from the Attack

As a result of the attack, Plaintiff Roland Carly Saintlot Sustained a Physical Injury which is greater than de minimus, Saintlot Sustained bruises on his Face, left face Swollen, left eye Red and Swollen, and unprovoked blow to the Face and Mouth Created a Factual Issue as showing of his "Physical Injury by having on Record not only the medical records for the date and time in question, but also Camera Video Footage that Show blood Pouring out of his Mouth, and down his Chin and Neck area, then dripping to the Ground, which Made it Hard for the Nurse to See The Plaintiff Mr. Saintlot Broken Tooth Which He Sustained from this Police Officer **Brutality Beating** and a Dislocated Right Hand Till This Day In Pain With a Bone that looks like It's Poking out Which Defendant Stomp on His Right Hand. This Shows that plaintiff Roland Carly Saintlot Sustained an **actual Injury**, as to excessive force. Damages Can be Pain and Suffering, emotional distress, and econo-mic loss. People who have happy, trouble-free lives who are Suddenly Stricken with depression, anxiety, bad dreams etc.

because of an injury, are More likely to recover Substant-ial damages for emotional distress. The Hand Held Came-ra will Show the Plaintiff Roland Carly Sainllot Physical Actual Injury. You May find cases were/where Prisoners with lesser injuries Still get Punitive Damages." This Case Seemed too Sadistic and Violent to have been carried out by the Defendant's (officers) Sworn to uphold the law. Plain-tiff Roland Carly Sainllot injuries were caused by the Plain-tiff for having a Verbal Dispute with Defendant then came back 4-5 hour later to find the Plaintiff Roland Carly Sainllot who early had a Verbal Dispute About Him Sleeping In the corner facing the wall, Disobey The Defendant order Officer WhiteHead. When the Plaintiff Roland Carly Sainllot Went back Sleeping In the corner facing the wall. The beating of the Plaint-iff Roland Carly Sainllot Which became Knew In this Case as the "Police/officer torture for Not follow order Walked the Court through Plaintiff Roland Carly Saind-lot Case or Story which matched up Well with the Physical evidence. The Plaintiff will Convince the Court the attack was Real, and Can't imagine What the Plaintiff Roland Carly Sainllot has gone through" In that Cell on Nov 1°, 2016 When 7 officer Unlawful-ly Ran In Plaintiff Cell and Unlawfully Beating him. The Plaintiff Would like the Court to Condemned the officers who Commit Such a Crime Plaintiff Claimed and Made a Sworn Statement that the Officer/Defendant Who Beat him for the Early Verbal Dispute He Had with the Defendant Officer WhiteHead and Officer Putnam Then Came back 4-5 Hour later Defendant Officer WhiteHead find the Plaintiff Roland Carly Sainllot Sleeping In the Corner Facing Wall disobey His Order Giving the Defendant Reason to

page 8

Unlawfully Beat The Plaintiff Roland Carly Saintlot Under "retaliation". The Plaintiff Roland Carly Saintlot Would like the Court to Know Correction Officials will Stand Shoulder-to-Shoulder and lie to cover up each other's wrong doing. The Plaintiff Roland Carly Saintlot Would like the Court to take this Case Seriously... In addition to the Physical injuries, The Plaintiff Roland Carly Saintlot suffered extreme and extensive mental Pain. Not only was he humiliated and Shocked How the Defendant lie, But for the entire time He was housed at Q-dron Mental Health Santa Rosa CI, he was anxious and terrified that Defendant(s) Officer Whitehead, Officer Putnam, Officer McClain, Officer Keins, Officer Konzelman, Officer Peacock, Officer Johnson, also Officer Ericacherson who later was Dismiss from this litigation But **WAS** still Here when **Mr. Saintlot** was Beating By These officer or Co-worker and friend and Maybe laugh About what Happen to Mr. Saintlot Even Doe Mr. Ericacherson was Not Involve In this incident, But He was assigned to the Mental Health Unit Admin Shift In Q-dormitory on November 10, 2016 (See Interrogatories of Mr. Ericacherson page 4 - Line 13). The Defendant were going to beat or kill him — either by themselves — and cover it up. The Plaintiff Mr. Saintlot felt hopeless. The Plaintiff became depressed and contemplated Suicide. To this day, Mr. Saintlot Suffers from nightmares about the attack (See **Exibit B** of the Plaintiff Mental Health Paper / Sick call Request and Nerver Form).

The Plaintiff Roland Carly Saintlot send Numerous or great number of Sick call to Mental Health and ▓▓▓ made several Vist to the Mental Health Clinic. Mr. Saintlot was depressed aggravated, and in despair. Mr. Saintlot did want to be housed in Protective Custody But Fear He

Would be Attack. Numerous Nurse Who Know Mr. Saintlot
specifically noted that the "Promble" was that Mr. Saint-
lot was Fear of the Defendant because of what Happen
To Him On Nov 10, 2016. Mr. Saintlot received help for his
Psychological pain From Counsel, Dotocr (Doctor), Activity
Therapist, Psychiatry, Therpist Psychologist K. Akins Who
Help Mr. Saintlot and Print out the Newpapers Article
of Other Inmate Who Been Beating By different office
That Work at Santa Rosa CI Annex Q-dorm Mental Hea-
lth Unit. And Help Saintlot the Plaintiff In Group how
to deal with Issue like this. The Plaintiff Send Copy
out His Sworn (Sworn Affidavit with one page of the
Article with one of the Defendant Lee Peacock That
Was Involed In Officer/Police Brutality of a Inmate
In Santa Rosa CI -Mental Health Drom In the Medical
Room Beating Move this as Evidence In this Case.
These individuals Visited The Plaintiff Roland Carly
Saintlot on numerous occasion While he was at the
Mental Health Inpatient. After Mr. Saintlot the Plaintiff
Finished Serving or Done with His Inpatient In Mental
Health, He Continued to meet with Counsel, Doctor,
Psychiatry, Therpist Psychologist with whom they often
spoke about the assault.

      (c) Roland Saintlot's Complaint and the "Investigation"

On Nov. 11, 2016 the Investigation Begun one days after
the attack. Officer: M.H All-Melanson, H. A the Investig-
ation Did a poor Investigation at No time did Offi-
cer: Melanson give the Plaintiff a Chance to provide a
Statement call Witnesses or Evidence for this Use
of Force Report. But Delaye DuE to Plaintiff Mr. Saint-
lot on Shos, 11 days went By and Officer Melanson Never

Came and See the Plaintiff to Provide a Statement. But End the Investigation on 11/28/2016, #+ 9:25AM Officer Melanson Conducted an Investigation, then Wrote a Report to Warden Neal Who Review and Made the Final Action Which was Approved on 12/5/2016, Of Course, Officer Melanson Concluded that there was no merit to Saintlot's Claim (Officer Melanson and Report log#135-16)993 and Officer Melanson Report.)

## 2. Argument

The Standards for Summary Judgment are well settled. The moving party bear the burden of establishing that there are no genuine issues of material fact in dispute. See, eg Consarc Corp v. Marine Midland Bank, N.A, 996 F.2d 568, 572 (2d Cir. 1993). This Standard bars the Court from resolving disputed issue of fact. If there are material Factual issue, the Court must deny Summary Judgement. See, e.g. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert denied, 480 U.S. 932 (1987). In evaluating whether there are factual issues, the Court is to view the evidence in the light most favorable to the non-moving Part and draw all permissble inferences in the non-moving Party's Favor. See Anderson v Liberty, Inc. 477 U.S. 242 (1996). However assessments of Credibility, Conflicting Versions of events, and the Weight to be assigned to evidence are For the Jury, not the Court. See Anderson v. Liberty lobby, Inc, 477 U.S. 242, 255 (1996)

A. Officer WhiteHead, Officer Peacock, Officer Putnam, Officer Mcclain, Officer Kerns, Sergeant Johnson and Mager

Officer Konzelman's Attack on Roland (a/k/a Saintlot Violated The Eighth Amendment.

● The Eighth Amendment Prohibits the Unecessary and Wanton infliction of pain. which mean excessive, cruel, or immoral inffliction of pain. the source of claims for excessive force under Section 1983. Whitley V. Albers, 475 U.S. 312, 319 (1986). Analysis of an excessive force claim contains both objective and subjective enquiries. An official's conduct violates the Eighth Amendment when (i) the conduct is objectively "sufficiently serious," and (ii) the prison official acts with a "sufficiently culpable [guilty] state of mind." Farmer V. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

(a) Defendant(s) Conduct Was Sufficiently Serious

Defendants argue that Summary Judgment should be granted becouse (i) Mr. Saintlot the Plaintiff Physical Injuries, if it were de minimis, and (ii) Mr. Saintlot's psychological injuries are not serious enough to justify Continuing this Section 1983 cases. As demonstrated below, however, the physical injuries and psychological pain Suffered by Roland (a/k/a Saintlot the Plaintiff were Sufficiently Serious to Satisfy the Eighth Amendment Standard.

(i) The Use of Force Was More Than De Minimis

The objective component of a claim for excessive force under the Eighth Amendment is satisfied if the injury Suffered result from Something more than a de minimis Use of force. See Hudson V. McMillian, 503 U.S. 1, 9-10 (1992);

Page 12

Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994). Signific-
ant injury, that is, "injury that request or <u>requires med-
icial attention</u> or leaves permanent marks," is not
required. Hudson v. McMillian, 503 U.S. 1, 7-8 (1992) ("The
absence of serious injury is.... Relevant to the Eighth
Amendment Enquiry but does not end it.") Walkins V
Gaddy, 130 S. Ct. 1175, 1178-79 (2010) (Per Curiam) ("An
inmate who is gratuitously beaten by Guards does Not
lose his ability to pursue an excessive force claim
Merely because he had/has the good fortune to escape
Without serious injury"); See DeKalb County, 679 F.Supp.
1107, 1109, 1113 (N.D. Ga. 1988) (allegation of unprovoked blo-
w to the face created a factual issue as to excessive forc-
e.

    As an initial matter, defendants **Contend** that officer
White Head, officer Johnson (Now LT.), lee officer Peacock,
never used force, Abuse, intimidate, or other wise Harm
Plaintiff at any time before, after, or during this
incident, against Roland Carly Saintlot or even had
any physical contact with him (Def. Declaration of
Christopher White Head Page 2: line 9, Declaration of John-
nathan Johnson Page 2: line 8, lee Peacock III Page
2; line 8). This argument, however, is hotly disputed
and thus Summary Judgment must be denied. See, e.g.,
Allah V. Cox, No. 96-CV-1225, 1998 WL 725439, at *
2 n.2 (N.D.N.Y. Oct.9, 1998) (Summary Judgment denied
Where corrections officer's Version of events is exp-
ressly contradicted by Inmate.)

    Alternatively, defendants contend that the force
Used by Defendant(s) — Which defendants dismiss
as mere When In Plaintiff fell Unlawfully all the
Defendant(s) commenced to physically besting the
Plaintiff Roland Carly Saintlot by <u>Punching him with</u>

their fist and Kicking Plaintiff Roland Carly Saintlot
with their feet in boots 7 officials proceeded
to Physically assault and batter Plaintiff Roland
Carly Saintlot as a grap And was hit so many times
from So many different directions that Plaintiff
Roland Carly Saintlot could not account For Who Jaid
What Punch and/or Kicks, (Saintlot Aff pag 2; line 5)
— was de minimis. In the Defendant Motion for Summary
Judgment Claim Plaintiff's Injuries do not rise to a level
which is greater than de minimus in nature. But
the evidence show that Saintlot the Plaintiff was
Physically assault and batter Punchy Kick, In the
Head, face, and upper torso, In the Cell Where the
Defendant Unlawfully Went In the Plaintiff Roland
Carly Saintlot Cell When Defendant Officer White
Head Who lie to the other Defendant to Justify
His Action For the Early Verbal Dispute that the
Plaintiff Was Asleep In the Corner of the Wall
facing the Wall then "4-5 Hour later the fixed
Wing Camera Will Show Defendant Officer White
Head Who Early Had a Verbal Dispute look In the
Plaintiff Cell To Find Out The Plaintiff Went
Back to Sleep In the Corner facing the Wall. (fixed
Wing Camera) At no time Did Defendant Officer White
Head Bang, hit, or Call The Plaintiff name or Cell
Just looking In the Cell, Also The fixed Wing Camera
Will Show the Defendant Officer White look 2 or 3 time
Back at the Camera Making him Look Suspects, At no
time Did Officer White Head Attempted To Bang,
hit, or Call the Plaintiff name At no time Did the
Defendant Officer WhiteHead Attempted to gain
a response from Plaintiff But lie In His Declarti-
on of Christopher WhiteHead Page 1 line: 2 the fixed
Page 14

Camera Show differnant or Contradicted to what Officer WhiteHead Say In His Declaration! Also another Contrdicted Is Defendant Officer Lee Peacock III who Also Claim In His Declaration In page 1 line 3, when He Also Stated He Conducting his rounds, and was the one who look Inside the Plaintiff Cell to find Plaintiff lying on the floor near his Cell door, And Say He the one try to attempted to gain a response from Plaintiff Is Contrdicted To Defendant Officer White Head Say and what the Fixed wing Camera Show. But the evidence Show that Saintlot was Physically assault and batter (Saintlot Aff page 2 line 6, Exibit B Saintlot Medical Record, Hand Held Camera......)

Defendant(s) cite a number of cases to support their argument that the use of force against Roland Carly Saintlot the Plaintiff was de minimis and is not entitled to Compensatory or Punitive damages. as a matter of law. None of these cases is on point. They are either decided on grounds other than the use of force or involve momentary uses of force dramatically different from the repeated and Continuous Physical assault and death threats inflicted on Roland Carly Saintlot the Plaintiff. See Reyes V. Koehler, 815 F. Supp. 109, 114 (S.D.N.Y. 1993) [ Summary judgment granted for defendant where inmate did not allege malice of intent to Cause harm and where defendant's pushing Plaintiff against Wall was "a momentary act, of such limited duration as to belie any inference of malicious or sadistic intent to Cause harm") (internal quotation marks omitted); Harris V. Keane, 962 F. Supp. 397, 408 n.12 (S.D.N.Y. 1997) (squeezing inmate's finger once is de minimis) (emphasis added); (and?)aris V. Coughlin, 787 F.

Page 15

Supp. 368, 374-75 (S.D.N.Y)1992) (use of force was de
Minimis where Inmate did not allege any "repeated or
Continuous grabbing" or any Physical injury), affd, 979 F.
2d 845 (2d Cir. 1992)

The Plaintiff Roland Carly Saintlot In this Coses
suffered bruises to his face left face Swollen, left eye
Red and Swollen, also Camera Video Footage Hand Held Video
Shows blood pouring out of His Mouth, and down his Chin
and neck area, then dripping to the ground, which Shew that
Plaintiff Sustained and actual injury With a Broken Tooth,
and other injury. ( Roland Carly Saintlot AFF. 9) Page 2: )lines
6 and Page 3: lines 10, Hand Held Camera, Exibit A of the
Plaintiff Medical Records, Exibit B of the Plaintiff
Mental Health Records Talking bout His Injury.) Such
Visible injuries are more than Sufficient to Sustain
an Eighth Amendment action. See, e.g., Griffin V. Cripp-
en, 193 F.3d 89, 91-92(2d Cir 1999) (reversing district
court's determination that inmate's bruised Shin and
Swelling over left Knee were de minimis as a matter
of law); Smith V. Marcellos, 917 F. Supp. 168, 171-73(
W.D.N.Y. 1995) (abrasion under left eye, Small lacera-
tion near right ear, four superficial Skin tears on
upper Calf, and Slightly Swollen Wrist, resulting from
attack by Corrections Officers, Constitutes Sufficie-
nt injury). See Bee V Dekalb County, 679 F. Supp. 1107,
1109, 1113 (N.D.Ga. 1988) (Allegation of Unprovoked blow to
the face Created a Factual Issue as to excessive force)
Also You may find Cases where Prisoners with lesser Injuries
Still get Punitive damages.

Plaintiff Roland Carly Saintlot make much of the fact that
He was given medical treatment for his injuries. (Hand
Held Video Show The Defendant escort Mr. Saintlot to the

to Q Dormitort Medical Triage Room to receive his post use of force Physical examination to treat his Injuries). However, Roland Carly Saintlot the Plaintiff was treated for his Injuries, In addition, the Nurse Conducting the examination did not report the true Seriousness of Plaintiff's Injuries, which can be Seen by a review of the Fixed wing Cameras and the handheld Use of force Video Footage. Defendant's 1s responsibility for the Physical abuse of Roland Carly Saintlot the Plaintiff. This Physical force was more than de minimis. See Robison V. Via, 821 F. 2d 913, 924 (2d Cir. 1987) (Plaintiff's failure to Seek medical treatment for injuries not Fatal to Section 1983 Claim). In This the Plaintiff Seek Medical treatment for his Injuries Is Fatal to Section 1983 Claim).

(ii) Saintlot Can Recover for his Psychological Pain and Medical Pain

Were there any question as to the Defendant Use of More than de minimis physical force on Plaintiff Roland Carly Saintlot. . . . On 12·14·17 the Plaintiff Roland Carly Saintlot Put In a Sick Call About what Happen to Him and His Medical Promble from this. On 1-16-18 Plaintiff Roland Carly Saintlot Put a Sick Call again About the Same thing and Same Issue. On 2-4-18 Plaintiff Write a Sick Call about His Right Hand bone pop out and It hurt Real Bad!!! As Has long Plaintiff Say For a while. On 2-6-18 Plaintiff Send Another Sick Call About his "Right Hand" and His Feet the Plaintiff make Sure He Stated This Promble About His Feet Not His Right Hand For A week. On 2-25-18 The Plaintiff Put a Sick-Call About His Right Hand

Hurt and Bone pop out!!! And He Make Sure on the Sick that His other Medical Promble Is His+week His feet. On 4/18/18 on this Sick-Call from the Plaintiff Roland Carly Saintlot Make Sure He Stated What Happen to Him, What's the Injury Is, And He Stated When this Happen. 5-24-18 Plaintiff Put In a Sick a His Right Hand Swoll up and Stated this Start for a While. 1/8/19 Again Plaintiff Send Call from About His Hand Bone poping Out. And Stated When The Promble Started. On 2/4/19 Again the Plaintiff Send A SickCall That His Head In Side His Brain and Stated this Promble Start Nov 10, 2016. On 8/1/18 Florida Department of Corrections Radiology Request Form Stated "Patient with small boney Can't Under Stand the Hand Writing But writting that The Plaintiff allegedly hurt hand in 2016 UOF incident. The Plaintiff Roland Carly Saintlot Radiology Report Stated No acute fracture or dislocation, No Significant arthritic Change, No bony abnormality But Conclusion; Unremarkable right Hand. On 1/9/19 Report of the office of Health Services Were J. Kelly RN worte Plaintiff Roland Carly Saintlot "Right Hand hurt" the location where pain is on the Right Hand No Swelling But The Nurse Write ≠ Knot noted Superior hand. Another Report from Nurse M. williams, LPN worte In the Report Mental Health Emergency Protocol Plaintiff Roland Carly Saintlot Right Hand Swollen!!!. On 1/8/19 The Plaintiff Send a Sick Call Request About His Right teeth that was Chip and dental fillin His left teeth That was Chip/broke. On 8/15/18 Plaintiff Send A Sick to dental About His Chip teeth Exibit C Dental Report. The Plaintiff would like the Court to Know Mr. Saintlot Send document To the

Page 18

Assistant Attorney General Kristen Lonergan About His Chip/Broke Tooth that Happen at Florida State Prison and His other Broke tooth that Happen In this Case On Nov 10, 2016 at Santa Rosa CI - Annex Mental Health Dorm. The Assistant Attorney General Never Wrote Back or Send Back them Document.

   The Plaintiff Roland Carlly Saintlot Psychological Pain provides a separate basis for recovery. The intentional infliction of psychological Pain can form the basis of a Section 1983 Claim where the Pain suffered is more than de minimis. The Supreme Court has Stated: [T]he Eighth Amendment prohibits the Unnecessary and wanton infliction of "Pain", rather than "injury". "Pain" in it's ordinary Meaning Surely includes a notion of Psychological harm. I am Unaware of any Precedent of this Court to the effect that Psychological Pain is not cognizable Purpose or for Constitutional purposes. See Hudson V. McMillian, 503 U.S. 1, 16 (1992) (Blackmun, J., Concurring) (internal Citation omitted); See also St. Germain V. Goord, No. 96-CV-1560 (RSP/DRH), 1997 WL 627552, at *3-4 (N.D.N.Y. Oct. 8, 1997) (inmate's misery, anguish, Psychological Pain, and fear found actionable). The national outpouring of grief and anger over Police/officer brutality, Social Injustice and the oppression of African-Americans In the wake of the awful death of George Floyd Signals Massive Protests that give the Plaintiff Roland Carlly Saintlot Flash Back On Nov. 10, 2016 Pain/Psychological Harm Him, Make him Be misery, anguish, Psychological Pain and Fear found actionable In this Case.

   Defendants May try to argue that Verbal Threat/Dispute alone are not enough to bring a Claim under Section 1983. But this is not a Case about a Verbal Threat/Dispute argument. Roland Carlly Saintlot The Plaintiff Had a Verbal

Disput that lead to this Beating. The Plaintiff was threatened while he was being assaulted. Verbal threats accompanied by Some physical force or injury, "Can Violate the Eighth Amendment, As the case law make clear, when threats are accompanied by Conduct that increases the Credibility of the threats, an inmate's constitutional rights are Violated. See Northington v. Jackson, 973 F.2d 1518, 1522-24 (10th Cir. 1992) (alleged psychological injury resulting from Sheriff's Placement of revolver to inmate's Head, accompanied by threats to Shoot, held to be more than de minimis); Burton v. Livingston, 791 F.2d 97, 100-01 (8th Cir 1986) (guard drawing weapon and threatening to Shoot while using racially offensive language held to be more than de minimis use of force); Douglas v. Marino, 684 F. Supp. 395, 397-98 (D.N.J. 1988) (allegation that prison employee brandished Knife while threatening to stab prisoner stated Section 1983 claim). It is clear even from the cases on which defendants rely that threats/Verbal Dispute accompanied by Physical conduct Violate the Eighth Amendment. In Jermosen v. Coughlin, for example, the Court held that Verbal threats do not amount to a Eighth Amendment constitutional Violation "Unless accompanied by Physical force or the Present ability to effectuate the threat." 878 F. Supp. 444, 449 (N.D.N.Y. 1995) (emphasis added). Similarly, in McFadden v. Lucas, the Court stated, "mere threatening or Verbal Dispute language" is not a Constitutional Violation where the "Plaintiff has nowhere alleged that he was Physically assaulted [or that] any touching of his person occurred at all." 713 F.2d 143, 146 (5th Cir. 1983), cert. denied, 464 U.S. 998 (1983) (emphasis added); see also Harris v. Keane, 962 F.

Page 20

Supp. 397, 406 (S.D.N.Y.) 1907) ("Allegations of threats, Verbal harassment or Profanity, without any injury or damage, do not state a Claim under Section 1983"). ( emphasis added).

Unlike the Cases Cited by defendants — Were the Verbal Dispute/Threats were unaccompanied by other Conduct or the Plaintiff was Physically abused — Roland Carly Saintlot had a Verbal Dispute, Threatened, Profanity, With beatings and he was physically attacked. (Roland Carly Saintlot Aff. 9 Page 1 — Page 3). The lack of any justification for these threats, Verbal Dispute, Profanity, indicates that their Purpose was to inflict Psychological Harm.

The Plaintiff Roland Carly Saintlot's Psychological Pain was great de minins, Or More Than de minins. During the Unlawfully Beating he experienced humiliation, anxiety, and terror of death an Severe injury. Afterward fearing that Officer Whitehead, Officer Putnam, Officer McClan, Officer Kams, Sergeant Johnson (Now LT.) Officer Peacock, and Officer Kanzelman where going to beat or Could kill The Plaintiff Roland Carly Saintlot. The Plaintiff Roland Carly Saintlot Sank into deep depression and Contemplated Suicide that lead Mr. Saintlot to Lake CI under the Care of Mental Health Hospital for Inmate an Institution Where the Sick or Injured receive medical or Surgical Care, On 1/17/17 Saintlot The Plaintiff Roland Carly enters the Institution Blood all Over His face Still Dry up on him that the Medical Nurse Another Staff who Use to Punch, Disrespect Calling The Plaintiff "Nigger," Nurse McArthur and other female Nurse fail to Clean the Plaintiff Blood That it Turn Hard all Over The Plaintiff face, Inside his Ear, Under His eye as Soon the Nurse at Lake CI

Nurse Vernon, Nurse Jackson, Officer Patterson, Officer Ivey seen the Plaintiff Roland Carly Sointlot face like that as soon He came Had Him In the Room When Mr. Sointlot was Scare Until Nurse Vernon clean Mr. Sointlot face Until She Got Mad and Told Them She going to Report this cause this Is an another Inmate SantaRose CI Did this Bringing Inmate Bloody UP, And numerous Mental Health Sick and Request Talk About Nov 20, 2016 Police Officer Brutality Beating that Had Him Nite Mare, lost sleep of fear that His Door Going To Roll. Now the Death of George Flody (Floyd) Plaintiff Roland Carly Sointlot fear for His life. The Defendant's Might Come Back Argoe that Mr. Sointlot the Plaintiff Suicidal thoughts Should be disregarded because He could not actually kill himself misses the Point that he Suffered psychological pain. He received Psychological treatment from Mental Health Clinc Institution which specifically noted that Plaintiff has paranoia over his Security/Security (Exi Bit B) Florida Department of Corrections Individualized Sevice Plan Report), That He was depressed." The Plaintiff Roland Carly Sointlot also received counseling from Psychologist, RN Nurse, Correctional Officer, Counsel, Psychistist, Activity Therapist,. To date, He Suffer From nightmare of the incident. (Roland Carly Sointlot Exibit B All Mental Health Paper) Thus, Mr. Sointlot The Plaintiff Mental pain Is More de minimis'), Mr. Sointlot's mental pain is actionable.

Finally, as discussed above, verbal threat, verbal Dispute are indeed actionable when Accompanied by Physical force. It is not necessary for Sointlot to have actually been beating, Shot, Stabbed, or killed to mstntain this lawsuit.

See St. Germain v. Good, No 96-CV-1566 (RSP/DRH), 1997 WL 627552, at * 3-4 (N.D.N.Y. Oct 8, 1997) (holding actionable inmate's mental pain and fear resulting from Corrections Officers' threats to beat the hell out of plaintiff which never materialized). If the Defendant rely the will use Case Law like Doe v Welborn, 110 F.3d 520 (7th Cir. 1997), in arguing that Saintlot Fear of beating and **death are** not compensable since the threats never materialized. That reliance is inappropriate. Does is a conditions of confinement cases this is a case about Racist Injustice excessive use of **force** "Officer take this personally", they can become angry like in the case Verbal Dispute (Saintlot Aff page ½ 2) and **cross** the line between use of force and excessive force. In this case, the officer had a Verbal Dispute with the Plaintiff (Roland Carly Saintlot Aff Page ½ 2)" Then escalate from the Plaintiff Roland Carly Saintlot lying on the Inround (Ground). and plead while All 7 Defendant/Officer commenced to Physically beating him. In this case this Aint a force when they Punch and kick ed Plaintiff Roland Carly Saintlot.


excessive Force
        The Jacksonville Sheriff's Office/Office had 72 Cases of officers being disciplined for excessive force, more than any other law enforcement agency in Flordia since 1985, according to the analysis. Only the "Flordia Department of Corrections" regions 1 and 2 had more cases. About 59% of the excessive force cases, or 979, involved Corrections Officer who work in a prison or a local Jail, according to the analysis. This is a case about excessive use of force when The Plaintiff was Punch, Kick, In the Face other (Place. As Doe Itself State! "What
                    Page 22 (A)

is necessary to show sufficient harm for purpose of the Cruel and Unusal Punishment Clause depends on the Claim at issue." Doe v Welborn, 110 F.3d 520, 524 (7th (iv.)1997). Thus, while the psychological Harm of the Plaintiff in Doe did not rise to "the extreme deprivation" required to make out a Conditions-of-confinment Claim, Santlot Psychological Injury IS actionable because "a Plaintiff in an excessive force Case need not allege Significant injury in order to Survive dismissal." Doe v Welborn, 110 F.3d 520, 524 (7th (iv.1597) (internal Citations and quotation mark omitted). Under the Circumstances, the fear and other Mental Pain, Medical Pain Which Mr. Santlot the Plaintiff suffered Due to Officer Whitehead, Officer Putman, Officer McClain, Officer Kerns, Sergeant Johnson (NOW LT) Officer Peacock, Officer Konzelman threath and beating him and the Verbal Dispute accompanied by Defendant(s) aggressive Physical actions were Clearly rational.

   (b) Officer Whitehead, Officer Putman, Officer McClain, Officer Kerns, Sergeant Johnson (Now LT) Officer Peacock, Officer Konzelman, Acted Maliciously and Sadistically to Cause Harm

For Claims of excessive officer use force, the State of mind requirement turns on whether the prisonofficial applied the force "maliciously and Sadisically to Cause Harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), Cert denied, 414 U.S. 1033 (1973). In making that determination, the trier of fact is to consider the following factors, (i) "the extent of the Plaintiff's injuries," (ii) the need for the application of force."

(iii) "the correlation [relationship] between that need and amount of force used." (iv) "the verbal Dispute/threat reasonably perceived by the defendant" and (v) "any efforts made by the defendants to temper [decrease] the severity of a forceful response." Romano v. Howarth, 998 F. 2d 101, 105 (2d Cir. 1993) (citing Hudson v. McMillan, 503 U.S. 1, 7 (1992).

(i) Plaintiff Saintlot Suffered Physical and Mental Harm

As a result of Defendant(s) use of Excessive force and Verbal Dispute/threats, Beating, Plaintiff Roland Carly Saintlot Suffered Physical and **Mental** injury.

(iii) There was No Need for force or Verbal Dispute/Threat

Where, as here, there is evidence that an attack by a Corrections Officer is unprovoked or without Sufficient Justification, Court generally will deny Summary Judgment. See, e.g. Corselli v. Coughlin, 842 F. 2d 23, 27 (2d Cir 1988) (reversing Summary Judgment where Jury could find defendant initiated argument and struck inmate without Justification); Moore v. Agosto, No. 93 (iv. 4835, 1996, WL 125660, at *2 (S.D.N.Y. Mar, 20, 1996) (Summary judgment denied where Plaintiff maintained defendants initiated the confrontation), aff'd, 164 F. 3d 618 (2d Cir. 1998).

Defendant's arguments or If they argue Back Will Say The Defendant was Justified in Using force because The Plaintiff Roland Carly Saintlot "admitted" refusal to follow defendant(s) instructions to "Not to
page 24

Sleep In the Corner Facing The Wall that Cause the Verbal Dispute/Threats arguement with one of the Defendant Officer White Head and Have Officer Robert Putman join In the Verbal Dispute (Roland Carly Scintlot Aff. 9 Page 1: line 2) Then 1ster Defendant Officer White Head Come Back doing His Round to find The Plaintiff Roland Carly Scintlot Back Sleep In the Corner Facing The Wall Disobey His Order that lead To The Plaintiff Roland Carly Scintlot Police/officer brutality Beating (Fixed Wing Camera, Roland Carly Scintlot AFF 9 Page 1: line 3). Defendant Wright Argue Undermined by the Simple Fact that the Defendant attacked on The Plaintiff Roland Carly Scintlot prior to the issuance of any these instruction. The Verbal Dispute/Threat of Violence began as The Plaintiff Roland Carly Scintlot Was A Sleep In the Corner Facing the Wall, Then Disobey The Defendant Officer WhiteHead 1ster On By going Back and Sleeping In the Corner Facing The Wall, the Physical Attack began as Soon as Scintlot the Plaintiff Was Sleep and The Defendant(s) lie and Say The Plaintiff Roland Carly Scintlot Was In Immobile or Unresponsiveness and lie And Say Scintlot the Plaintiff Stood up and attempted to Strike Defendant Officer White Head Who Early Had A Verbal Dispute With The Plaintiff Roland Carly Scintlot. (Read Sworn Affidavit of Roland Carly Scintlot).

The Verbal Dispute about Scintlot the Plaintiff illustrate the malice and Sadism motivating Defendant Officer WhiteHead attack. For Example Officer Had a Verbal Dispute About Scintlot the Plaintiff Sleeping In the Corner Facing the Wall was Fact.

Page 25

The expression of disgust and hatred, which continued throughout the beating and accompanied the Verbal Dispute threats, were a Product of Officer Whitehead Personal feelings, not a good faith effort to maintain Discipline. The Evidence is Clear that Officer Whitehead knew Mr. Saintlot the Plaintiff Was asleep In the corner facing the Wall that lead to a Verbal Dispute than Again Disobey Officer Whitehead that lead The Plaintiff (Roland Carly Saintlot attack. Defendant(s) Knew at no time Mr. Saintlot Was Unresponsiveness But lie To cover up their Wrong doing. As you Know, Corrections Officials Will Stand Shoulder-to-Shoulder and lie to cover up each other's Wrongdoing. The Fact that Video may show Something different is No guarantee

(iii) The Amount and Type of force Used Disproportionate to the need

There is no correlation here between the need for force and the amount of force Used. Given that Mr. Saintlot offered no Physical or Verbal resistance nor refused any order (Saintlot Aff ¶ Page 2:Line5) Defendant(S) entered the Plaintiff Roland Carly Saintlot Cell Unlawfully, they all Commenced to Physically beating The Plaintiff Roland Carly Saintlot by Punching the Plaintiff Roland Carly Saintlot With their fist and Kicking him with their Feet Boot or in boot that made like Weapon. and Simultaneous Severe Injury were Clearly excessive.

Even assuming arguendo (for the sake of argument) that The Plaintiff Roland Carly Saintlot did refuse to Stop resist which Is a lie, all The Plaintiff Did Was Ball up While the Officer Beat him, And the Plaintiff

Page 26

Was Just trying to Protect Hisself the Best he Could.
All the Defendant(s) named were telling the Plaintiff
Roland Carly Ssintlot to resisting them for the Sole
Purpose to Unlawfully beating The Plaintiff Roland
Carly Ssintlot, The Circumstances would not require
the amount of Physical force that Defendant(s) Used.
Defendant(s) Violent during the Use of force. See Martinez
V. Rosado, 614 F2d 829, 831-32 (2d Cir. 1980) ( Violation
of prison rule and refusal to obey direct order do not alone
Justify Physical assault with out evidence of Physical res-
istance by Inmate or Other indication that amount of
force was proper.); See also Corselli v. Coughlin, 842 F.2d
23, 27 (2d Cir. 1988) ( even where there is evidence
that inmate may have failed to follow an order, officer
Can still be found to have Used excessive or gratuitous
force) Moreover, it is Hard to See how early the Plaintiff
Roland Carly Ssintlot Just Had a Verbal Dispute With
The Defendant Officer White Head, Officer Putman
from The Same Day 4-5 Hour from The Plaintiff
Roland Carly Saintlot Being Immobile or Unresponsive
ness So Quick then jump up or Stand UP or Stood
UP Strike any officer with a Close fist.!!! Would
get Jinns to perform the desired action of this.
At a Minimum, this is a question for the Jury. See p.g
, Trice V. Strack, No. 94 Civ. 4470 (BSJ), 1998 WL 633807,
at *3 (S.D.N.Y. Sept. 14, 1998) ( whether force was applied
maliciously and Sadistically is left for Jury to decide
Where defendant Struck, tack)ed, and Kicked plaintiff
who may have Precipitated Conduct by Waving under
wear in one defendant's face).

(iv) Defendant(s) Could Not Reasonably Have Perceived
Ssintlot as a threat
page 27

It is clear that Defendant(s) Officer White Head, Officer Putman, officer McClain, Officer Kems, Sergeant Johnson (Doe LT) Officer Peacock, Officer Konzelman could not reasonably have seen the Plaintiff Roland Carly Saintlot as a threat. On Nov 10, 2016, Saintlot 5'6 and approximately 155 pounds, as compared to the taller, fat, more Muscular defendant like Officer McClain, Officer Kems Sergeant Johnson (Doe LT) Officer Peacock who is Muscular and Officer Konzelman who is 6'2 240 pound fat. In addition, while Defendant Officer White Head, Officer Putman as Small Officer. While In the Cell You Have all these Officer In a Small Cell Beating the Plaintiff Roland Carly Saintlot. And The Plaintiff Roland Carly Saintlot was the Only Inmate Present.

(v) Defendant(s) Has Demonstrated No Effort to temper His Response

Finally, Defendants have Suggested no efforts by the Defendant(s) to temper the Severity of the Response. As Noted Above, Defendant(s) assaulted, And Batter Roland Carly Saintlot any Peaceful request that the Plaintiff Roland Carly Saintlot to Mace form the Corner Where he was Laying there Sleeping facing the Wall.

Conclusion

Excessive force in Florida Only the Florida Department of Corrections regions 1 and 2 Had more Excessive Force Case In Florida. About 59% of the excessive force Cases, or 97%, involved corrections officers who work in a Prison or a local Jail according to the analysis. When People like Mr. Saintlot do file Complaints "nine times

page 28

out of 10 they come back Saying it was unsubstantiated." And in Cases where there is a finding of wrongdoing, the police officers "never lose their Jobs. They get Promotion and raises", like officer Peacock Who Now is a Sgt. And Sgt Johnson Who Now A LT and been promotions Again as a Captian. In this case excessive force was not investigated If was It was a Poor Investigated of taking the officer Words. In this Case Mr. Saintlot was Sleep In His Cell In the Corner facing the Wall When Officer Whitehead Wake Him up and talk to Him In a disrespect Matter to order Mr. Saintlot to Move from the Corner that escalate to a Verbal Dispute, Threat, Profane Language, from the Plaintiff Robert Esly Saintlot Going Back to Sleep In the Corner Disobey the Officer Order, 4-5 Hour later the officer Whitehead See Mr. Saintlot Back Sleeping In the Corner lie about Mr. Saintlot Being irmobile or Unresponsive ensue to go In His Cell Unlawfully and They did and Brutality Beat Mr. Saintlot and All His Injury Is Document and On Camera None of the officer Was Hurt. Just like Los Angeles 1991 Beating of Rodney King the Worst Roit In LA History. Now In Minnesota, White officer police Kneeled on his neck for More than eight minutes kill George Floyd " Just Unconsscionsable He's lying on the ground and pleading. It went from establishing Control to excessive While Hand Cuff. In this Case Mr. Saintlot from Verbal Dispute to going In Mr. Saintlot Unlawfully and Beating Mr. Saintlot Who Was ball up While they Beat him. And try to Protect his Self the Best He Could. All cause he was Sleeping In the Corner Then Come Back 4-5 Hour later. For the foregoing Reason, Defendant Motion for Summart Judgement Should be denied.

Page 29

## CERTIFICATION AND OATH

UNDER THE PENALTIES OF PERJURY I CERTIFY, that: I, understand English, have read the foregoing motion or it has been read to me and I understand its contents; the motion is filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court; and the facts contained in the motion are true and correct.

On this __25__ day of __June__, 2020

/s/ Roland Carly Sanllet
Roland Carly Sanllet
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, Florida 32583

P.S
PROVIDED TO
SANTA ROSA C.I. ON

JUN 25 2020

FOR MAILING BY

— Page 30 —

Rolando Carly Saintflot DC# 743056
Santa Rosa Correctional Institution
5850 East Milton Rd
Milton, FL 32583



CHECKED

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams Street, Suite 322
Tallahassee, FLorida 32301-7717

✳LEGAL✳
MAIL



MAILED FROM A STATE
CORRECTIONAL INSTITUTION

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 32583   $ 000.00⁰
02  4ª
0000368416 JUN 26  2020



PROVIDED TO
SANTA ROSA C.I. ON

JUN 25 2020   R.S

FOR MAILING BY