**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ROLAND CARLY SAINTLOT,**

    **Plaintiff,**

vs.                                      Case No. 3:18-cv-00441-TKW-MAF

**CHRISTOPHER WHITEHEAD,**
et al.,

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION AND ORDER**

This Cause is before the Court upon Plaintiff's recent filing entitled "Pretrial Narrative and Related Items." ECF No. 143. The Court liberally construes Plaintiff's filing as including a motion for the appointment of counsel, a motion to set the case for a settlement conference, and a motion for injunctive relief. Id., pp. 2-3. For the reasons set forth, the motion for counsel is DENIED as moot; the motion to set the case for settlement conference is GRANTED; and the motion for injunctive relief should be DENIED.

**I.**    **Plaintiff's Allegations**

Plaintiff generally alleges that he continues to suffer abuses in the prison including interference with his legal mail, denial of dental care, sexual

abuse, and officials "play with his food to [the] point" where he does not want to leave his cell. Id., p. 3. Plaintiff does not name any official as culpable nor does he include any factual details (date, time, place, details of incidents). Id. Plaintiff asks the Court and the assistant attorney general of Florida "to call" the prison about these matters. Id. Plaintiff is housed in the mental health unit of the prison and asks the Court to "[sign] a consent for him to be placed in[to] . . . [another] impatient mental health facility." Id.

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against numerous defendants alleging excessive force and other constitutional violations. ECF No. 66. The case has survived summary judgment. ECF Nos. 123, 125. To the extent Plaintiff is attempting to supplement his claims in this case, Plaintiff may not amend his complaint by submitting filings containing additional allegations. If Plaintiff has additional allegations of abuse by prison officials, he may initiate a separate civil rights action pursuant to 42 U.S.C § 1983 naming the proper defendants and outlining sufficient facts to support his claims.

II. **Motion for Appointment of Counsel & Request for Settlement Conference.**

Plaintiff expresses concern about his ability to litigate his case given his mental health condition and seeks the appointment of counsel. ECF No.

143, p. 2. Also, Plaintiff requests a mediation or settlement conference for both parties. ECF No. 143, p. 6.

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). According to the *in forma pauperis* statute, 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute, however, does not allow the court to require or "appoint" an unwilling attorney to represent an indigent litigant. See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989) (noting Congress used the word "request" in § 1915 not the word "assign" or "appoint").

This Court is not unsympathetic to Plaintiff's mental health condition. In a prior order, the Court acknowledged its concerns about Plaintiff's ability to present this case at trial without the assistance of counsel. ECF No. 133. "[T]he Court [found] that counsel would greatly aid the administration of justice and the efficiency and fairness of trial." Id. Although the Court cannot appoint counsel for Plaintiff, the Court issued an order to the Clerk to solicit attorneys to volunteer to represent him *pro bono* and to place the case on the Court's website. Id. That process is currently underway for Plaintiff. Given the challenges resulting from the Covid-19 pandemic, there has been some delay. Plaintiff's case is currently listed on the Court's website as a *pro bono*

representation opportunity.[1] Accordingly, Plaintiff's request for counsel is DENIED as MOOT.

However, to provide sufficient opportunity for potential legal representation on behalf of Plaintiff, the Undersigned finds it necessary and in the interest of justice to extend the referral period, as authorized by the Court's order, ECF No. 133, which includes "schedul[ing] a settlement conference with the parties." ("The referral to the magistrate judge shall be for a period of 60 days, unless the magistrate determines that additional time is necessary . . ."). Pursuant to Fed. R. Civ. P. 16(a)(5), the court may order a pretrial conference to facilitate settlement between the parties. Plaintiff's request for a settlement conference is GRANTED. Accordingly, the Court will schedule a settlement conference within 60 days, by **May 23, 2021**.

### III. Preliminary Injunctive Relief

#### A. Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir.

---

[1] See http://www.flnd.uscourts.gov/news/pro-bono-opportunity-case-no-318cv441-tkw-maf.

2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;

2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua*

>*non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842 (11th Cir. 1995); see Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

B. Discussion

First, there is no substantial likelihood of success on the merits because Plaintiff does not name any person as responsible for these new allegations in his motion for injunctive relief. This Court does not have the

authority to bind individuals who are not parties to this action (nor are they otherwise referenced in the complaint), let alone unnamed actors, with a preliminary injunction or temporary restraining order.

Second, the Secretary of the Florida Department of Corrections holds the authority to transfer prison assignments but is not a named defendant in this case. Plaintiff has also failed to show the type of imminent danger of irreparable harm necessary to support the issuance of a preliminary injunction or temporary restraining order. Plaintiff's allegations about the assaults he suffered are vague. Additionally, Plaintiff has a remedy available to him – he may choose to initiate a separate § 1983 proceeding against any official(s) for any alleged violation(s).

The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the prison officials because the issuance of the requested injunction would severely undermine the authority of correctional facilities. It is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018 (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976); cf. Beltran

v. Smith, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion.").

This Court should be hesitant to interfere with the administrative processes of a prison. "Granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate." Brown v. Anglin, 2016 U.S. Dist. LEXIS 158113, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), report and recommendation adopted sub nom. Brown v. Holland, 2016 U.S. Dist. LEXIS 158110, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). "[C]ourts are ill-equipped to deal with" the complexities of prison administration. Lawson v. Singletary, 85 F.3d 502, 510 (11th Cir. 1996). Essentially, granting the relief requested by Plaintiff would provide the inmate with the means within which to dictate prison housing assignments. Prison assignments are a function wholly within the discretion of prison authorities. Olim, 461 U.S. at 245.

Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. The Court acknowledges the seriousness of Plaintiff's allegations. However, because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

## IV.   Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's incorporated motion for injunctive relief, ECF No. 136, be DENIED with prejudice.

Furthermore, for the reasons stated, it is ORDERED that:

1.   Plaintiff's motion for the appointment of counsel is DENIED as MOOT.

2.   Plaintiff's motion for settlement conference is GRANTED. The referral period is extended for a period of sixty (60) days to allow for sufficient time for potential *pro bono* representation. The Court shall schedule a settlement conference on or before **May 23, 2021**.

3.   The Clerk is directed to remand the case to the Undersigned Magistrate Judge no later than **May 23, 2021**, for further proceedings consistent with the Court's prior order, ECF No. 133.

IN CHAMBERS at Tallahassee, Florida, on March 24, 2021.

                                                                  s/ Martin A. Fitzpatrick
                                                                  **MARTIN A. FITZPATRICK**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).